UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JERROD CHRISTOPHER THOMPSON,

                    Plaintiff,

   -against-                                    9:18-CV-1235 (LEK/DJS)

NURSE KELLY, *et al.*,

                    Defendants.

**DECISION AND ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on April 4, 2019, by the Honorable Daniel J. Stewart, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3, concerning Defendants' motion to dismiss. See Dkt. Nos. 15 ("Motion to Dismiss"), 17 ("Plaintiff's Response"), 20 ("Report-Recommendation").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and it "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636. However, "where [the] parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Mario v. P & C Food Markets, Inc., 313 F.3d 758,

766 (2d Cir. 2002); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) (holding that Congress did not "intend[] to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The Court may excuse a party's failure to object "in the interests of justice," and modify or reject the report-recommendation, if "the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000). Therefore, when no party objects to a magistrate judge's report-recommendation, courts in this circuit review it only to determine whether the magistrate judge made a clear error. Boice v. M+W U.S., Inc., 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015); see also Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## III. DISCUSSION

The Magistrate Judge notified the parties that the "failure to object to th[e] Report within fourteen days [would] preclude appellate review." R & R at 13. No objections were filed in the allotted time period. Thus, the Court has reviewed the Report-Recommendation for clear error. It has found none.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 20) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED**, that this case is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   June 05, 2019
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge